# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

WILLIAM R. JENKINS,

    Defendant.

NO. 3:97-CR-0023

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Motion to Vacate Sentence under 28 U.S.C. § 2255 (Doc. 152) filed by Defendant William Jenkins. For the reasons that follow, the motion will be denied, but a certificate of appealability will be issued.

## I. Background

On November 21, 1997, Defendant was convicted by a jury of the following: conspiracy in violation of 18 U.S.C. § 371 (Count 1 of the Indictment); marijuana conspiracy in violation of 21 U.S.C. § 846 (Count 2); distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) (Count 3); using and carrying firearms in connection with drug trafficking in violation of 18 U.S.C. § 924(c)(1) (Count 4); interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952 (Count 5); transportation of machine guns in interstate commerce in violation of 18 U.S.C. § 922(a)(4) (Count 6); false statements in connection with the acquisition of firearms in violation of 18 U.S.C. § 922(a)(6) (Count 7); possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 8); unlawful transfer of machine guns in violation of 18 U.S.C. § 922(o) (Count 10); and possession of a firearm without a serial number in violation of 26 U.S.C. § 5861(1) (Count 11).[1] *See United States v. Jenkins*, 9 F. Supp. 2d 507, 508 & n.1 (M.D. Pa. 1998).

---

[1] Defendant was found not guilty of Count 9 of the Indictment which charged him with possessing thirteen machine guns in violation of 18 U.S.C. § 922(o).

A Presentence Investigation Report ("PSR") was prepared which calculated Defendant's total offense level in accordance with the United States Sentencing Guidelines (the "Guidelines"). (*See* PSR, *generally*). The PSR divided Defendant's convictions into two separate groups because they involved separate societal interests. (*See id.* at ¶ 28). The Group One offenses (Counts 6-8, 10, 11, and three of the substantive offenses charged in Count 1) were determined to have an adjusted offense level of 30, though the Guidelines provided that the cumulative offense level shall not exceed 29. (*See id.* at ¶¶ 26, 36). The Group Two offenses (Counts 2, 3, 5, and one of the substantive offenses charged in Count 1) were found to have an offense level of 22 because the offenses involved at least 60 but less than 80 kilograms of marijuana. (*See id.* at ¶¶ 27, 37). The PSR calculated the combined adjusted offense level to be 30, and noting that Defendant was "defined as a career offender in accordance with U.S.S.G. § 4B1.1", Defendant's total offense level was determined to be 32. (*Id.* at ¶¶ 48, 51). The PSR also noted that, with respect to Defendant's conviction on Count 4 for violation of § 924(c)(1), "[t]he term of imprisonment is that required by statute." (*Id.* at ¶ 53).

Defendant's total offense level of 32 and criminal history category of VI yielded a Guidelines imprisonment range of 210 to 262 months, plus a mandatory term of 360 months confinement to run consecutive to that term as a result of Defendant's conviction on Count 4. (*See id.* at ¶ 72 (citing U.S.S.G. §§ 2K2.4(a) and 5G1.2(a))). Although Defendant objected to the determination that he was a career offender, (*see* Defendant's Objections, ¶ 51), the PSR's recommendations were adopted, and Defendant, as a career offender, was sentenced by the Honorable William J. Nealon to a total term of imprisonment of 570 months on September 29, 1998. (*See* docket, *generally*). The sentence consisted of 60 months on each of Counts 1, 5, and 6; 120 months on each of Counts 7, 8, 10, and 11; and 210 months on each of Counts 2 and 3, all to be served concurrently. (*See id.*). Defendant was additionally sentenced to a consecutive term of 360 months on Count 4. (*See id.*).

Defendant appealed to the United States Court of Appeals for the Third Circuit, which affirmed his conviction and sentence on June 24, 1999. *See United States v. Jenkins*, 185 F.3d 863 (3d Cir. 1999). The United States Supreme Court denied Defendant's petition for writ of *certiorari* on November 1, 1999. *See Jenkins v. United States*, 528 U.S. 976, 120 S. Ct. 430, 145 L. Ed. 2d 336 (1999).

Defendant's first motion to vacate sentence was filed on September 20, 2000. (*See* Doc. 121). Judge Nealon denied that motion on February 1, 2001 and declined to issue a certificate of appealability. (*See* Doc. 132). Defendant appealed, and on August 1, 2002, the Third Circuit issued a certificate of appealability limited to Defendant's claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000). (*See* Doc. 138). The Third Circuit affirmed the denial of Defendant's first § 2255 motion on June 18, 2003. *See United States v. Jenkins*, 333 F.3d 151, 155 (3d Cir. 2003). Defendant's petition for writ of *certiorari* was denied on October 6, 2003. *See Jenkins v. United States*, 540 U.S. 932, 124 S. Ct. 350, 157 L. Ed. 2d 239 (2003).

On March 9, 2006, the Third Circuit denied Defendant's application for leave to file a second or successive motion pursuant to 28 U.S.C. §§ 2244(b) and 2255. (*See* Doc. 145). Defendant then filed a motion titled "Petition for a Writ of Audita Querela under Title 28, United States Code, Section § [sic] 1651" on May 31, 2011. (*See* Doc. 147). Judge Nealon construed that filing as a second or successive § 2255 petition and dismissed that petition. (*See* Doc. 148).

On February 3, 2012, Defendant again filed a motion to vacate sentence under § 2255. (*See* Doc. 149). That motion was denied on February 10, 2012. (*See* Docs. 150-151).

On April 26, 2016, Defendant filed with the Third Circuit an application for leave to file a second or successive § 2255 motion in this case. On June 23, 2016, Defendant filed a proposed motion to vacate his sentence under § 2255 based on the Supreme Court's decision in *Johnson v. United States*, - - - U.S. - - -, 135 S. Ct. 2551,

3

192 L. Ed. 2d 569 (2015). (*See* Doc. 152). In that motion, it is argued, *inter alia*, that *Johnson* is applicable to Defendant "who was determined to be a career offender based on the residual clause of the definition of crime of violence within the Sentencing Guidelines." (*Id*. at 4). Also on June 23, 2016, Defendant filed a motion to stay his proposed § 2255 motion until the Third Circuit resolved his motion for authorization to file a second or successive § 2255 motion. (*See* Doc. 153). Defendant's motion to stay was granted by Order dated June 27, 2016. (*See* Doc. 155).[2] On November 2, 2017, the Third Circuit granted Defendant's application to file a successive § 2255 motion and the stay was lifted. (*See* Doc. 156).

## II. Discussion

"Title 28 U.S.C. § 2255 establishes a 1-year period of limitation within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005) (internal quotation omitted). The 1-year period of limitation "runs from 'the latest' of a number of events, which are enumerated in [§ 2255(f)(1)-(4) ]." *Id*. Defendant contends that his motion is timely pursuant to § 2255(f)(3), (*see* Doc. 152, 14), which allows a defendant to file a motion seeking to collaterally attack his sentence within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). In April 2016, the Supreme Court determined that *Johnson* created

---

[2] The matter was reassigned to the undersigned by verbal order on October 4, 2016.

4

a new substantive rule of constitutional law with retroactive effect in cases on collateral review. *See Welch v. United States*, - - - U.S. - - -, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

On March 6, 2017, the Supreme Court considered whether the definition of a "crime of violence" in the residual clause of the advisory Sentencing Guidelines identical to the residual clause in the ACCA found unconstitutionally vague in *Johnson* was also void for vagueness. *See Beckles v. United States*, - - - U.S. - - -, 137 S. Ct. 886, 890, 197 L. Ed. 2d 145 (2017). The *Beckles* Court held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Id*. at 895. In distinguishing its holding in *Johnson*, the Court in *Beckles* explained:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. at 892.

The motion *sub judice* is not squarely resolved by *Beckles*, however, because Defendant was sentenced pursuant to the pre-*Booker*[3] career offender guideline, when the Guidelines were mandatory. *See, e.g., United States v. Loner*, No. 00-50, 2017 WL 5451712, at *4 (M.D. Pa. Nov. 14, 2017). Notably, by adhering to "the formalistic distinction between mandatory and advisory rules" the *Beckles* majority left "open the question whether defendants sentenced to terms of imprisonment before [*Booker*] . . . may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the judgment). That issue, which is raised in the present motion, was "not presented" in *Beckles* and the Court took "no position on its

---

[3] *United States v. Booker*, 543 U.S. 220, 233, 125 S. Ct. 738, 160 L. Ed .2d 621 (2005).

5

appropriate resolution." *Id*.

As stated, Defendant contends that his § 2255 motion is timely pursuant to § 2255(f)(3) because *Johnson* "recogniz[ed] a new rule that is substantive and that is retroactive to cases on collateral review" and his motion was filed within one year of the date *Johnson* was decided. (Doc. 152, 14). The majority of courts to address this issue, however, have found similar § 2255 motions untimely because "the United States Supreme Court has not created any new right under *Johnson* that applies to sentences that were enhanced under the sentencing guidelines, including sentences imposed when the Guidelines were mandatory." *Hardy v. United States*, No. 03-68, 2017 WL 5986119, at *3 (S.D. Miss. Dec. 1, 2017); *see also*, *e.g.*, *United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) ("We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court."); *Raybon v. United States*, 867 F.3d 625, 630-31 (6th Cir. 2017) ("Raybon's untimely motion cannot be saved under § 2255(f)(3) because he 'is asking for the recognition of a new right by this court - that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines.'"); *United States v. Shipman*, No. 16-50016, 2017 WL 5569823, at *5 (N.D. Ill. Nov. 20, 2017) ("the court finds that the 'right' asserted by defendant is distinct from the 'right' newly recognized in *Johnson*, and thus § 2255(f)(3) does not apply."); *United States v. Patrick*, No. 98-60099, 2017 WL 4683929, at *4 (D. Or. Oct. 18, 2017) (collecting cases); *McCandless v. United States of America*, No. 10-793, 2017 WL 4019415, at *5 (D. Haw. Sept. 12, 2017); *United States v. Baldwin*, No. 00-105, 2017 WL 3730503, at *4 (E.D. La. Aug. 30, 2017). Two judges in this District have also found § 2255 motions identical to that filed by Defendant here untimely. *See*, *e.g.*, *Loner*, 2017 WL 5451712, at *4 (Caldwell, J.) ("Defendant's § 2255 motion is premature in the sense that the Supreme Court in neither *Johnson*, *Welch*, nor *Beckles* established a new right indicating that

the mandatory, pre-*Booker* Guidelines are subject to void-for-vagueness challenges under the Due Process Clause."). *United States v. Wood*, No. 90-276, 2017 WL 4167826, at *2 (M.D. Pa. Sept. 20, 2017) (Brann, J.) ("[i]n light of *Beckles* . . . it is clear that *Johnson* did not announce a 'new rule' providing relief to defendants sentenced pursuant to the Guidelines' residual clause - even if those defendants were sentenced when the Guidelines were mandatory."). In view of this authority, "because the Supreme Court has not decided whether the residual clause of the mandatory Sentencing Guidelines is unconstitutionally vague - and did not do so in *Johnson* - Petitioner's motion is untimely under § 2255(f)(3). . . ." *Raybon*, 867 F.3d at 630 (citaton, quotation, and alterations omitted). Defendant's motion will be dismissed as time-barred.

A certificate of appealability will, however, be issued. In proceedings brought pursuant to 28 U.S.C. § 2255, an applicant cannot appeal to the circuit court unless a certificate of appealability has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." Restated, a certificate of appealability should not be issued unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed. 2d 542 (2000). Here, while the Supreme Court has not announced a new right to challenge the mandatory Guidelines as unconstitutionally void for vagueness, "reasonable jurists could debate whether such a new right exists in light of *Johnson* and the Supreme Court's distinction in *Beckles* between the advisory Guidelines and mandatory statutes like the ACA." *Loner*, 2017 WL 5451712, at *5; *see also, e.g.*, *Shipman*, 2017 WL 5569823, at *6 (granting certificate of appealability and noting, *inter alia*, "that other courts have determined that § 2255(f)(3) does apply in similar circumstances"); *Wood*, 2017 WL 4167826, at *2.

### III. Conclusion

For the above stated reasons, Defendant's § 2255 motion will be dismissed without prejudice as time-barred, but a certificate of appealability will be issued.

An appropriate order follows.

December 15, 2017  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge